```
         IN THE UNITED STATES DISTRICT COURT
       FOR THE EASTERN DISTRICT OF PENNSYLVANIA

JASSIN M. JOURIA, M.D.            :     CIVIL ACTION
                                  :
        v.                        :
                                  :
THE EDUCATIONAL COMMISSION        :
FOR FOREIGN MEDICAL GRADUATES     :     NO. 09-4310
```

                            MEMORANDUM

Bartle, C.J.                                       October 22, 2009

       Now pending before the court is the motion of the plaintiff, Jassin M. Jouria, M.D. to remand this action to the Court of Common Pleas of Philadelphia County pursuant to 28 U.S.C. § 1447(c).

       Plaintiff, a citizen of Florida, filed his two-count complaint in the Court of Common Pleas of Philadelphia County, along with a motion for a preliminary injunction against the defendant, The Educational Commission for Foreign Medical Graduates ("ECFMG"), a citizen of Pennsylvania.  According to the complaint, ECFMG is a non-profit organization located in Philadelphia that is responsible for "certifying graduates of foreign medical schools as having the requisite medical knowledge and skill to practice medicine in the United States."  Plaintiff, a graduate of such a school, alleges that ECFMG improperly revoked his certification after he admittedly submitted letters of recommendation for hospital residency positions that were neither approved nor signed by the purported author.  Plaintiff

contends he is now barred from practicing medicine in the United States without certification from ECFMG.

Count I of the complaint asserts a state law claim for breach of contract while Count II alleges a state law claim for tortious interference with contractual relations.  Plaintiff also references a violation of his Due Process rights under various state Constitutions.

ECFMG timely removed this case from the Court of Common Pleas of Philadelphia County.  See 28 U.S.C. § 1446(b).  While diversity of citizenship exists and the jurisdictional amount in controversy has been satisfied under 28 U.S.C. § 1332, both parties agree that removal is not permitted on this basis because the defendant is a Pennsylvania citizen, that is, a citizen of the state in which the action is brought.  28 U.S.C. § 1441(b).  Instead, defendant relies on that part of § 1441(b) which provides for removal "of any civil action of which the district courts have original jurisdiction founded on a claim or right arising under the Constitution, laws or treaties of the United States ...."

A case arises under the laws of the United States in this context "if a well-pleaded complaint establishes either that federal law creates the cause of action or that the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law." Franchise Tax Bd. of Cal. v. Constr. Laborers Vacation Trust for S. Cal., 463 U.S. 1, 27-28

(1983).[1]  Although this complaint alleges only state causes of action, defendant maintains that plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law.  The Supreme Court has described this as a "special and small category" of cases.  Empire Healthchoice Assurance, Inc. v. McVeigh, 547 U.S. 677, 698 (2006).  It "captures the commonsense notion that a federal court ought to be able to hear claims recognized under state law that nonetheless turn on substantial questions of federal law, and thus justify resort to the experience, solicitude, and hope of uniformity that a federal forum offers on federal issues."  Grable & Sons Metal Prods., Inc. v. Darue Eng'g & Mfg., 545 U.S. 308, 312 (2005).

      The substantial and disputed question of federal law, according to ECFMG, is whether it has unlawfully deprived the plaintiff of his Due Process rights to enter the medical profession.  It contends that the "constitutionality of ECFMG's authority and jurisdiction to revoke Plaintiff's certification, and thus allegedly prevent him from practicing medicine anywhere in the United States, is the central disputed issue underlying Plaintiff's Complaint."  ECFMG also seems to suggest that the plaintiff's causes of action are created by federal law.

---

1. There are several exceptions to the well-pleaded complaint rule.  Beneficial Nat'l Bank v. Anderson, 539 U.S. 1, 6 (2003).  For instance, a federal statute may displace a state-law cause of action through complete preemption.  Claims that come within the scope of the Employee Retirement Income Security Act of 1974 ("ERISA") and the Labor Management Relations Act fall within this category.  Id. at 6-7.

Plaintiff counters that resolution of his two state-law claims do not turn on any question of federal law. Plaintiff stresses that, although his complaint references Due Process, he specifically pleads his right under "various State Constitutions."

Under Grable, we must determine whether this case falls within that "special and small" category of cases by examining whether the state-law claims "necessarily raise a stated federal issue, actually disputed and substantial, which a federal forum may entertain without disturbing any congressionally approved balance of federal and state judicial responsibilities." Id. at 314. In Grable, the Court held that jurisdiction was proper in a federal forum because the plaintiff's quiet title claim under state law was "premised on a failure by the IRS to give it [a former landowner] adequate notice [of the sale of the property], as defined by federal law." Id. at 315. The Court reasoned that the only matter requiring resolution involved a determination of whether the Internal Revenue Service gave the plaintiff-landowner proper notice in the exact manner prescribed by the United States Code. It concluded that this issue, which required interpretation of the federal statute, was a matter that "sensibly belongs in a federal court." Id. The Government's interest in collecting taxes and the concomitant need for clear rules regarding tax sales were key factors in the Court's reasoning. Id. Furthermore, the Court was confident that its holding would not usher a wave of quiet title actions into

federal court because "it is the rare quiet title action that involves contested issues of federal law."  Id. at 319.

Unlike Grable, this case does not require the interpretation or application of federal law.  It involves garden-variety breach of contract and tort claims that will require, among other things, the interpretation of the contract between the parties.  These are state-law issues with which the state courts are familiar and with which they deal on a daily basis.  Moreover, it goes without saying that issues involving rights under state constitutions are not matters "arising under" the federal Constitution or laws or treaties of the United States.

ECFMG cites Empire Healthchoice Assurance, Inc. v. McVeigh, 547 U.S. 677 (2006) in its response in opposition to the plaintiff's motion to remand.  Empire, which followed and applied Grable, involved subrogation claims asserted by an insurer that administered the health benefit plans for federal employees in New York state.  The insurer filed suit against the administrator of the estate of a former enrollee who, after collecting insurance payments for the decedent's medical care, commenced tort litigation in state court against the party allegedly responsible for the decedent's injuries.  After the settlement of the state court case, the insurer sought reimbursement in a federal court action pursuant to its policy's reimbursement provisions.

The question presented to the Supreme Court was whether the insurer's reimbursement action was properly brought as a federal question pursuant to 28 U.S.C. § 1331.  Id. at 683.  The Court noted that the Federal Employees Health Benefits Act of 1959, 5 U.S.C. § 8901 et seq., which provides for comprehensive health insurance for federal employees, contains a preemption clause displacing state law on issues related to "coverage or benefits".  Id. at 682.  However, the Act contains no similar preemption provision for subrogation or reimbursement rights of carriers.  Id.  The Supreme Court, rejecting the insurer's reliance in Grable, held that the insurer's action was simply a contract claim that belonged in state court.  Id. at 700.  In sum, Empire Healthchoice does not support ECFMG's assertion of federal question jurisdiction here.

Accordingly, we will enter an Order granting the motion of the plaintiff, Jassin Jouria, to remand this matter to the Court of Common Pleas of Philadelphia County.